DA 08-0655

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 383N

CYNTHIA M. CARSEN,

Plaintiff and Appellee,

v.

CHARLES R. HORTON,

Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DV 08-1084
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Charles R. Horton, self-represented, Helena, Montana

For Appellee:

Cynthia M. Carsen, self-represented, Helena, Montana

Submitted on Briefs:  August 18, 2009

Decided:  November 10, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Lewis and Clark County Small Claims Court entered judgment in the amount of $2,250, in favor of Cynthia M. Carsen and against Charles R. Horton. Horton appealed to the First Judicial District Court which affirmed the judgment. Horton now appeals to this Court.

¶3 Horton and Carsen cohabited for several years. Their relationship ended acrimoniously and Horton moved out. Horton and Carsen jointly purchased a home insurance policy. Carsen filed a claim with the insurance company seeking reimbursement for personal property belonging to her that was missing after an August 2008 break-in.

¶4 The insurance company issued a check for $2,150 in both Horton and Carsen's names, instructing Carsen to send receipts of the items purchased with the proceeds once she had replaced them. Carsen contended that she is entitled to all of the proceeds from the insurance policy and also that Horton told her that he had enough money in his bank account so if she agreed that he could put the check in his account, she could get cash before the insurance company check was paid to the bank. Horton deposited the check in his account. Carsen accompanied Horton when he deposited the check. She said he paid her nothing. Horton says that he paid Carson $1,000 and she agreed this was enough. Horton offered no receipt

2

or other proof he paid Carsen $1,000.

¶5 The Small Claims Court found as a matter of fact that Carsen received no payment from the insurance company or from Horton and that she was entitled to the money. Based on these findings of fact, the Small Claims Court entered a judgment in Carson's favor, and against Horton for the sum of $2,250, including costs, and interest.

¶6 We review findings of fact to determine whether they are clearly erroneous. *State v. Brendal,* 2009 MT 236, ¶ 11, 351 Mont. 395, 213 P.3d 448. There is substantial evidence in the record which supports the findings of fact made by the Small Claims Court. Such findings are not clearly erroneous. Likewise, the conclusions of law entered by the Small Claims Court and the District Court, which are based on the findings of fact, are correct.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit. These issues are controlled by settled Montana law that the District Court correctly applied.

¶8 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON